# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL FINNERTY and LYNN FINNERTY, his wife, | |
| Plaintiffs, | CIVIL ACTION NO. 3:06-CV-1981 |
| v. | (JUDGE CAPUTO) |
| STEPHEN W. WILEY and PAMELA S. WILEY, DONALD W. ORTH and LUCIA A. ORTH, and OAK RIDGE CONSTRUCTION COMPANY, | |
| Defendants. | |

## **MEMORANDUM**

Presently before the Court is Defendants Donald W. and Lucia A. Orth's Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 13.) For the reasons set forth below, the Court will grant this motion. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).

## BACKGROUND

On October 6, 2006, Plaintiffs Michael and Lynn Finnerty filed their Complaint (Doc. 1) in this Court. Therein, they allege: Defendants Donald W. and Lucia A. Orth ("the Orths") owned a lake house located at 5 Lakeview Drive, Pocono Pines, Pennsylvania. (Doc. 1 ¶¶ 6 and 7.) The Orths' lake house was constructed by Defendant Oak Ridge Construction Company ("Oak Ridge"). (Doc. 1 ¶ 8.) The lake house had a wooden deck attached to it. (Doc. 1 ¶ 6.) On March 23, 2001, the Orths sold the lake house to Defendants Stephen and Pamela Wiley ("the Wileys"). (Doc. 1 ¶ 7.)

On July 23, 2005, Plaintiff Michael Finnerty ("Mr. Finnerty") was a guest at the lake

house.  (Doc. 1 ¶ 9.)  At approximately 10:15 p.m., Mr. Finnerty was standing on the deck when it collapsed. (Doc. 1 ¶ 10.)  As a result of the deck's collapse, which was caused by the reckless and negligent conduct of Defendants, Mr. Finnerty sustained serious, painful and disabling injuries including, but not limited to, post-traumatic herniated lumbar discs, a post-traumatic back compression fracture, multiple contusions and abrasions, depression, emotional anguish and distress, some or all of which may be permanent. (Doc. 1 ¶¶ 10-11.)  Mr. Finnerty has been unable to work since suffering his injuries. (Doc. 1 ¶ 12.)  Mr. Finnerty has incurred, and will continue to incur, medical expenses. (Doc. 1 ¶ 12.)  Mr. Finnerty has also endured significant pain and suffering, some or all of which will continue to be endured in the future. (*Id*.)  Mr. Finnerty has incurred a loss of an ability to enjoy life's pleasures, disfigurement, mental anguish, emotional upset, and other damages, some or all of which will continue into the future. (*Id*.)

In Count I of Plaintiffs' Complaint, Mr. Finnerty asserts a claim for negligence against the Wileys, as owners of the lake house. (Doc. 1 ¶¶ 13-15.)  In Count III, Mr. Finnerty asserts a claim against Oak Ridge, alleging that it was negligent in constructing the lake house. (Doc. 1 ¶¶ 19-21.)  In Count IV, Plaintiff Lynn Finnerty ("Mrs. Finnerty") asserts a claim for loss of consortium against the Wileys, the Orths and Oak Ridge. (Doc. 1 ¶¶ 22-23.)

In Count II, which is the count relevant to the Orths' motion, Plaintiffs alleged that:

> 17. At all times relevant and material hereto, the Lake House that the Orths sold to the Wileys contained a defective and dangerous condition in that the deck was not constructed in accordance with accepted construction practices or in accordance with local, state and national building codes and statutes and was improperly affixed to the Lake House.

>18. The Orths knew or in the exercise of reasonable care should have known of this defective and dangerous condition.

(Doc. 1 ¶¶ 17-18.)

On December 12, 2006, the Orths filed a Motion to Dismiss Plaintiffs' claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 13.) The Orths filed a brief in support of their motion on December 21, 2006. (Doc. 15.) Plaintiffs filed their brief in opposition on January 4, 2007. (Doc. 16.)  The Orths did not file a reply brief within the allotted time period.  Consequently, the Orths' motion is now ripe for disposition.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Dismissal is appropriate only if, accepting all factual allegations in the complaint as true and "drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations in the complaint." *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.,* 140 F.3d 478, 483 (3d Cir. 1998).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss.  *Id.*  The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn*

3

*Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether the plaintiff will ultimately prevail. *See id.* In order to survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may be inferred. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

The Orths move the Court to dismiss Plaintiffs' claims against them. The Orths argue that, as former owners of the lake house, they cannot be held liable for Plaintiffs' injuries. The Court agrees and will address only this argument advanced by the Orths.

Under section 352 of the Restatement (Second) of Torts, "[e]xcept as stated in [section] 353, a vendor of land is not subject to liability for physical harm caused to his vendee or others while upon the land after the vendee has taken possession by any dangerous condition, whether natural or artificial, which existed at the time that the vendee took possession." RESTATEMENT (SECOND) OF TORTS § 352 (1965). Section 353 provides:

> (1) A vendor of land who conceals or fails to disclose to his vendee any condition, whether natural or artificial, which involves unreasonable risk to persons on the land, is subject to liability to the vendee and others upon the land with the

>           consent of the vendee or his subvendee for physical harm
>           caused by the condition after the vendee has taken
>           possession, if
>
>                   (a) the vendee does not know or have reason to know
>           of the condition or the risk involved, and
>
>                   (b) the vendor knows or has reason to know of the
>   condition, and realizes or should realize the risk involved, and has reason to believe that
>   the vendee will not discover the condition or realize the risk.
>
>           (2) If the vendor actively conceals the condition, the liability
>           stated in Subsection (1) continues until the vendee discovers
>           it and has reasonable opportunity to take effective precautions
>           against it.  Otherwise the liability continues only until the
>           vendee has had a reasonable opportunity to discover the
>           condition and to take such precautions.

RESTATEMENT (SECOND) OF TORTS § 353.  Pennsylvania appears to have adopted these sections of the Restatement. *See Philadelphia Elec. Co. v. Hercules, Inc.*, 762 F.2d 303, 312-13 (3d Cir. 1985) (applying Pennsylvania law); *Shane v. Hoffmann*, 324 A.2d 532 (Pa. Super. Ct. 1974) (holding real estate brokers and vendor liable under section 353 for the sale of a residential property that had a defective sewer).

The allegations set forth in Plaintiffs' Complaint fail to satisfy the elements of section 353.  First, Plaintiffs allege that the Wileys, as vendees, "knew or in the exercise of reasonable care should have known of the defective and dangerous condition [of the deck]." (Doc. 1 ¶ 15.)  Thus, according to Plaintiffs, the Wileys, as vendees, possessed the very knowledge or constructive knowledge that absolves the Orths, as vendors, of liability under section 353(1)(a).

Second, while Plaintiffs allege that the Orths, as vendors, knew or should have known of the dangerous condition of the deck (Doc. 1 ¶ 18), Plaintiffs do not allege that the Orths had reason to believe that the Wileys, as vendees, would not discover the

5

condition or realize the risk involved. Indeed, such an allegation would contradict Plaintiffs' assertion that the Wileys "knew or in the exercise of reasonable care should have known of the defective and dangerous condition [of the deck]." (Doc. 1 ¶ 15.) As such, the requirement that the vendors have reason to believe that the vendees would not discover the condition or realize its risk is not satisfied. *See* RESTATEMENT (SECOND) OF TORTS § 353(1)(b).

Third, even if Plaintiffs' allegations satisfied the elements of section 353(1), absent a vendor's active concealment of the condition, liability only continues until the vendee has had a reasonable opportunity to discover the condition and to take effective precautions against it. RESTATEMENT (SECOND) OF TORTS § 353(2). The Orths sold the lake house to the Wileys more than four (4) years prior to the accident. Four (4) years of time certainly provided the Wileys a reasonable opportunity to discover the fact that the deck was only attached to the lake house by nails, rather than a more secure method of attachment, and take effective precautions against it. *See* RESTATEMENT (SECOND) OF TORTS § 353(2) cmt g. ("In determining what is sufficient opportunity, various factors are to be considered. One is the time elapsed; a vendee who has been in possession for only a week cannot be expected to discover and remedy conditions which one who has been in occupation four years may reasonably be expected to find and repair."). Therefore, absent their active concealment of the defective condition of the deck, by July 2005, more than four (4) years after the sale of the lake house, the Orths were no longer liable for any personal injuries suffered as a result of the defective condition of the deck. Nothing in Plaintiffs' Complaint suggests that the Orths actively concealed the condition of the deck, either by hiding the condition or by misleading the Wileys into a failure to

6

discover it. *See* RESTATEMENT (SECOND) OF TORTS § 353(2) cmt g. ("Where the vendor actively conceals the condition, either by hiding it or by misleading the vendee into a failure to discover it, any delay in such discovery is to be attributed to the vendor himself. He therefore remains liable until the vendee has in fact discovered the condition, and has had adequate opportunity to take precautions against it.").  As such, on July 23, 2005, the Orths were not liable for any injuries suffered as a result of the deck's collapse.

    Accordingly, Plaintiffs have failed to state a claim against the Orths.

## CONCLUSION

For the reasons stated above, the Court will grant the Orths' motion to dismiss Plaintiffs' claims (Counts II and IV) against them.

An appropriate Order follows.


April 17, 2007                                                /s/ A. Richard Caputo
Date                                                               A. Richard Caputo
                                                                           United States District Judge


**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL FINNERTY and LYNN FINNERTY, his wife, <br><br> Plaintiffs, <br><br> v. <br><br> STEPHEN W. WILEY and PAMELA S. WILEY, DONALD W. ORTH and LUCIA A. ORTH, and OAK RIDGE CONSTRUCTION COMPANY, <br><br> Defendants. | CIVIL ACTION NO. 3:06-CV-1981 <br><br> (JUDGE CAPUTO) |

## **ORDER**

**NOW**, this   17th   day of April, 2007, **IT IS HEREBY ORDERED** that Defendants Donald W. and Lucia A. Orth's Motion to Dismiss Plaintiffs Michael and Lynn Finnerty's claims (Counts II and IV) against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. 13) is **GRANTED**.

                                                                A. Richard Caputo
                                               United States District Judge